**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5029**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ADRIENNE L. WILLIAMS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:09-cr-00071-PJM-1)

Submitted:  June 15, 2010            Decided:  August 24, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Lawlor, Gwendolyn Ruth Waters, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrienne L. Williams appeals her conviction and seven month sentence for one count of making false statements in violation of 18 U.S.C. § 1001 (2006) and one count of driving under the influence of alcohol on lands administered by the National Park Service in violation of 36 C.F.R. § 4.23(a). For the reasons that follow, we affirm.

Williams first claims error in the district court's order denying her motion for a continuance shortly before her trial was to begin. Several months before trial, the Government provided Williams with a report prepared by an expert witness on DNA tests she conducted in preparation for trial. Williams did not retain an expert to analyze that report at that time. In the days before the trial began, the Government provided Williams with copies of the expert's notes, worksheets, and quality assurance documents. In response, Williams requested a continuance to hire an expert to review the documents. The district court denied the motion.

We review the denial of a motion for a continuance for abuse of discretion. United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced her case in order to prevail." Id. (internal quotation marks and citation omitted). Because the disclosure of the notes and

2

worksheets was not required, Williams had the expert's report in her possession for months without retaining an expert of her own, and several of the Government's distant witnesses had already arrived for trial, we find that the district court did not abuse its discretion by denying the motion.

Next, Williams claims that the prosecutor engaged in misconduct by making certain comments during her closing statement to the jury. First, Williams claims that the Government's counsel improperly vouched for the credibility of the arresting officer's testimony by saying "[t]here is no prosecutor who is going to put on the witness stand an officer who tried to rape someone and vouch for the officer's credibility." Williams claims that in the context of her trial for making false claims, this statement impermissibly placed the imprimatur of the Government on the witness's testimony.

Next, Williams alleges misconduct in the prosecutor's statement that "[i]f Williams's story [of sexual assault] had been believed, Officer Ritacco would have been investigated in more detail and prosecuted within the department by internal affairs." She argues that the prosecutor used this information to bolster the veracity of Ritacco's testimony. Williams also argues that the prosecutor's request that the jury "imagine an accusation of rape against your husband or your boyfriend or your father, how that would make you feel. Just imagine an

3

accusation of rape against you" impermissibly inflamed their emotions and denied her the right to an impartial jury.

Because Williams did not object to any of these statements at trial, we review for plain error. See United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997); United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995). Under the plain error test, United States v. Olano, 507 U.S. 725, 732-37 (1993), a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

We review a claim of prosecutorial misconduct "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's remarks or conduct were improper and, second, the defendant must show that such remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." Id.

4

In evaluating the allegedly improper remarks, we find that the prosecutor likely engaged in impermissible vouching, bolstering, and making so-called "golden rule" comments to the jury by improperly trying to place them in the crime victim's shoes. While we find these comments inappropriate, we cannot say that Williams was so prejudiced by the comments as to affect her substantial rights or deny her a fair trial. Indeed, the Government adduced overwhelming evidence that Williams fabricated her claim that Ritacco attempted to sexually assault her. Based on our review of the entire record, we decline to disturb Williams's convictions on this ground.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED